**The STATE of Ohio, Appellee,**

**v.**

**WADSWORTH, Appellant.**

[Cite as *State v. Wadsworth* (1993), 86 Ohio App.3d 666.]

Court of Appeals of Ohio,
Lorain County.

No. 92CA005350.

Decided March 10, 1993.

*Jonathan E. Rosenbaum,* Lorain County Assistant Prosecuting Attorney, for appellee.

*Hollace B. Weizel,* for appellant.

QUILLIN, Judge.

Appellant, Richard Wadsworth, appeals his conviction of two counts of involuntary manslaughter, R.C. 2903.04(A); one count of aggravated arson, R.C. 2909.-02(A)(2); and four counts of felonious assault, R.C. 2903.11(A)(1). We affirm.

The above charges were brought against Wadsworth after he allegedly set fire to a cabin which resulted in the death of two people and the serious injury of four others. During the course of discovery, Wadsworth supplemented his original motion for discovery with a request for essentially all investigative materials and reports prepared by the sheriff's department in connection with this case. The trial court denied this request.

At trial, one of the state's witnesses was Edward Antoniewicz. Following the direct testimony of Antoniewicz, on motion of Wadsworth, and pursuant to Crim.R. 16(B)(1)(g), the trial court conducted an *in camera* inspection of the statement that Antoniewicz had made to police to determine whether there were

any inconsistencies between that prior statement and Antoniewicz's direct testimony. The court determined that there were no inconsistencies. Thus, the trial court refused to allow Wadsworth to question Antoniewicz about the prior statement. The trial court also refused to allow Wadsworth to question Antoniewicz about his dishonorable discharge from the military and his prior criminal damaging conviction.

The jury convicted Wadsworth on all counts. He now appeals and raises three assignments of error.

### Assignment of Error I

"The trial court erred to the prejudice of appellant and in violation of O.R.C. 149.43, when it denied appellant's request for supplemental discovery."

During the course of discovery, Wadsworth filed a supplemental motion for discovery, requesting all reports, materials, statements, photographs, and diagrams prepared or compiled by the sheriff's department in connection with the investigation of this case. The state objected to the motion, asserting that these records were exempt from disclosure under R.C. 149.43 as trial preparation records. Wadsworth did not respond to the state's objections. The trial court denied the discovery request.

Wadsworth complains that the trial court denied his motion without a hearing and that the court declined to determine whether any of the requested information was subject to disclosure.

However, the trial court is required to individually scrutinize the records requested under R.C. 149.43 "[w]hen a governmental body asserts that public records are excepted from disclosure *and such assertion is challenged * * *.*" (Emphasis added.) *State ex rel. Natl. Broadcasting Co. v. Cleveland* (1988), 38 Ohio St.3d 79, 526 N.E.2d 786, paragraph four of the syllabus.

On appeal, Wadsworth describes his discovery request as being more narrow than it actually was, and he challenges, for the first time, the state's claimed exception. Wadsworth's supplemental discovery motion essentially requested all materials prepared or compiled by the sheriff's department in connection with the investigation of this case. Wadsworth now contends that he requested only the records compiled prior to his identification as a suspect, and that such records did not qualify as trial preparation records. However, while the discovery motion was pending, Wadsworth made no such challenge to the state's assertion that these records were exempt from disclosure. Therefore, the trial court was not required to scrutinize every record to determine which records were and were not subject to disclosure. The first assignment of error is overruled.

### Assignment of Error II

"The trial court erred to the prejudice of appellant and in violation of Crim.R. 16, Article I, Section 10 of the Ohio Constitution, and Sixth and Fourteenth Amendments to the Constitution of the United States, when it refused to permit the appellant to cross-examine the prosecution's chief witness concerning inconsistencies between testimony elicited during cross-examination, and the prior statement and direct testimony of the witness."

■ Wadsworth contends that the trial court violated Crim.R. 16 when it refused to allow him to cross-examine Antoniewicz concerning the statement he had made to the police. We disagree.

Crim.R. 16(B)(1)(g) provides in pertinent part:

"Upon completion of a witness' direct examination at trial, the court on motion of the defendant shall conduct an in camera inspection of the witness' written or recorded statement with the defense attorney and prosecuting attorney present and participating, to determine the existence of inconsistencies, if any, between the testimony of such witness and the prior statement."

The record reveals that the court did conduct an *in camera* inspection of Antoniewicz's prior statement, with the prosecutor and defense counsel present, and determined that there were no inconsistencies between Antoniewicz's testimony and his prior statement. Wadsworth did not, and does not now, dispute that determination. Therefore, as Crim.R. 16(B)(1)(g) further provides:

"If the court determines that inconsistencies do not exist the statement shall not be given to the defense attorney and he *shall not be permitted to cross-examine or comment thereon.*" (Emphasis added.)

Crim.R. 16(B)(1)(g) prohibited Wadsworth from cross-examining Antoniewicz concerning the prior statement. Therefore, the trial court did not err when it refused to allow Wadsworth to make any reference to this prior statement. The second assignment of error is overruled.

### Assignment of Error III

"The trial court erred to the prejudice of appellant and in violation of Evid.R. 608 and 609, Article I, Section 10 of the Ohio Constitution, and the Sixth and Fourteenth Amendments to the Constitution of the United States, when it refused to permit appellant to cross-examine the State's chief witness regarding a prior theft offense, and his dishonorable discharge from the Navy."

Wadsworth argues that the trial court erred by refusing to allow him to cross-examine Antoniewicz concerning his conviction of criminal damaging and his dishonorable discharge from the military.

■ Evid.R. 609 allows a party to attack the credibility of a witness with evidence of a misdemeanor criminal conviction only if the crime involved dishonesty or false statement. Wadsworth attempts to characterize Antoniewicz's criminal damaging conviction as a conviction of a theft offense because of the conduct underlying his crime. He cites no authority to support his argument and we find it unpersuasive. Antoniewicz was convicted of criminal damaging, which is not a theft offense, nor does it involve dishonesty or false statement. Therefore, the trial court did not err by refusing to allow cross-examination on this subject.

■ Likewise Evid.R. 608 did not authorize Wadsworth to cross-examine Antoniewicz about his dishonorable discharge. Evid.R. 608 allows cross-examination concerning a witness's prior acts only when those acts concern the witness's character for truthfulness or untruthfulness. There is nothing in the record to suggest that Antoniewicz's dishonorable discharge involved truthfulness or untruthfulness. The third assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

COOK, P.J., concurs.

BAIRD, J., concurs in judgment only.

BAIRD, Judge, concurring in judgment only.

The dispute which was the basis for Assignment of Error II involved an apparent ruling by the trial court that precluded all further inquiry about an inconsistency which arose for the first time on cross-examination. Since I fear that our ruling on that issue might be interpreted as being our agreement with such use of Crim.R. 16(B)(1)(g) as a shield to prevent any disclosure of any such contradictions, I have reservations concerning the majority's treatment of Assignment of Error II.

I concur without reservation in the balance of the majority opinion.