{¶ 67} I respectfully dissent.
 {¶ 68} With respect to appellant's second assignment of error, the majority contends that the error of allowing the State to ask Boczar about a prior conviction for Falsification was harmless beyond a reasonable doubt. I disagree.
 {¶ 69} Crim.R. 16 provides in part:
 {¶ 70} "(B) Disclosure of evidence by the prosecuting attorney.
 {¶ 71} "(1) Information subject to disclosure.
 {¶ 72} "* * * *Page 18 
 {¶ 73} "(b) Defendant's prior record.
 {¶ 74} "Upon motion of the defendant the court shall order the prosecuting attorney to furnish defendant a copy of defendant's prior criminal record, which is available to or within the possession, custody or control of the state.
 {¶ 75} "* * *
 {¶ 76} "(e) Witness names and addresses; record.
 {¶ 77} "Upon motion of the defendant, the court shall order the prosecuting attorney to furnish to the defendant a written list of the names and addresses of all witnesses whom the prosecuting attorney intends to call at trial, together with any record of prior felony convictions of any such witness, which record is within the knowledge of the prosecuting attorney. * * *
 {¶ 78} "* * *
 {¶ 79} "(E) Regulation of discovery.
 {¶ 80} "* * *
 {¶ 81} "(3) Failure to comply.
 {¶ 82} "If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."
 {¶ 83} Evid.R. 609(A)(3) states: "[notwithstanding Evid.R. 403(A), but subject to Evid.R. 403(B), evidence that any witness, including an accused, has been convicted of *Page 19 
a crime is admissible if the crime involved dishonesty or false statement, regardless of the punishment and whether based upon state or federal statute or local ordinance."
 {¶ 84} In this case, I believe that Boczar's rights were violated by the State's failure to provide information of his misdemeanor Falsification conviction until after his direct testimony, in violation of Crim.R. 16. It is clear that the trial court abused its discretion in its resolution of the discovery issue. Boczar suffered prejudice due to the State's willful nondisclosure of this information because he was not given the opportunity to address the conviction in his direct testimony to diffuse its impact on the jury.
 {¶ 85} Furthermore, the misdemeanor at issue, if disclosed, would be directly related to Boczar's decision to knowingly and voluntarily waive or assert his right against self incrimination and his right not to take the stand. Even Boczar's counsel could not properly represent him with respect to this issue, because there was no proper disclosure by the State. He could not advise him properly whether or not to invoke his right against self incrimination. Boczar took the stand without the benefit of informed counsel.
 {¶ 86} Generally, misdemeanors are not admissible on cross-examination. See, e.g., State v. Wadsworth (1993),86 Ohio App.3d 666, 670. However, since this misdemeanor is crimen falsi, it is admissible. Evid.R. 609(A)(3). The fact that Boczar has a prior conviction of Falsification is directly related to his credibility and testimony in his case. I believe open discovery and compliance with Crim.R. 16 were created to avoid this exact scenario.
 {¶ 87} I would reverse the judgment and remand the matter to the trial court.
 {¶ 88} For the foregoing reasons, I respectfully dissent. *Page 1